IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PETER JENKINS, | ) | C/A No. 4:06-1451-GRA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| STATE OF SOUTH CAROLINA; and | ) | |
| HENRY D. MCMASTER, ATTORNEY | ) | |
| GENERAL OF THE STATE OF SOUTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Peter Jenkins ("petitioner/Jenkins"), is currently in a Federal Detention Center in Oakdale, Louisiana. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 11, 2006. Respondents filed a motion for summary judgment on August 24, 2006, along with supporting memorandum. The undersigned issued an order filed August 28, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on October 10, 2006.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

There has been no opposition filed as to the procedural history as set out by the respondents. Therefore, the undisputed procedural history as set out in respondents' memorandum will be discussed below.

Petitioner, Peter Jenkins was indicted at the October 1997 term of the Court of General Sessions by the Lexington County Grand Jury for trafficking in marijuana, 10 pounds or more but less than 100 pounds. (97-GS-32-3560). Petitioner was represented at the trial level by Curtis Murph, Esquire. On March 23, 1999, petitioner appeared as charged before the Honorable Rodney A. Peeples and a jury and was found guilty. Judge Peeples sentenced petitioner to eighteen (18) years imprisonment and a fine of $15,000.00 (App. P. 179).

Petitioner filed a timely Notice of Intent to Appeal and an appeal was perfected on his behalf by the South Carolina Office of Appellate Defense. On May 19, 2000, Robert M. Pachak, Assistant Appellate Defender, filed a Final Anders Brief and Petition to be relieved as Appellate Counsel pursuant to <u>Anders v. California</u>. In the brief, counsel presented the following issue for review:

> Whether the court erred in overruling defense counsel's objection to investigator Correll's statement commenting on appellant's right to remain silent?

Additionally, petitioner filed Appellant's Pro se brief, dated July 6, 2000, alleging the following:

> 1. Did appellant's trial counsel misconduct on re-cross examination of investigator Correll, regarding Appellant's co-defendant (Simmons) conflicting statement. (Deprived assistance/ineffective assistance of counsel)?"

2

    2.      "Did the prosecutor's promise concerning testifying witness (Bernard Simons) with respect to what Prosecutor said "you'll work with me" amount to inducement."

    3.      "Appellant was denied/deprived of a full and fair opportunity to litigate claim in state court whereof Appellant's affidavit/arrest warrant was fatally defective."

    4.      "The State lacked subject matter and/or "personam jurisdiction" when it failed to accord Appellant accuse a preliminary hearing."

On October 31, 2000, the South Carolina Court of Appeals affirmed petitioner's conviction. State v. Jenkins, *Unpub. Op.* No. 00-UP-659 (S.C.Ct. App. Filed October 31, 2000). Petitioner filed an undated pro se Petition for Rehearing and an Order Denying Petition for Rehearing was filed on December 20, 2000.

Petitioner next filed a pro se application for Post-Conviction Relief ("APCR") on March 20, 2001 (01-CP-32-786). (App. Pp. 192-204). The State filed a Return on July 11, 2001. In his APCR, petitioner raised the following allegations:

    1.      Counsel failed to impeach the state's witness, Bernard Simons, by attacking his credibility with criminal history data.

    2.      Counsel failed to challenge the admissibility of the defendants prior conviction as impeachment evidence, thereby rendering defendant's waiver to testify for his defense unintelligent and involuntary.

    3.      Counsel failed to inquire into the criminal record of the State's primary witness prior to cross-examination of the witness (co-defendant).

(Order of Dismissal /Allegations).

The State filed a Return dated May 23, 2003. (App. pp 47-49).

An evidentiary hearing in petitioner's APCR was held before the Honorable G. Thomas Cooper on August 30, 2001. Petitioner was present and testified in his own behalf. After the taking of testimony, the trial court ordered the record left open in order to supplement the record with trial counsel's case file. On August 18, 2003, the hearing was completed. On October 7, 2003, Judge Cooper issued a written Order of Dismissal in which he rejected petitioner's claims for relief. Judge Cooper found that while "not impressed" with trial counsel's performance, petitioner failed to show prejudice. Additionally, Judge Cooper found that even without the testimony of disputed witness Bernard Simons, there was overwhelming evidence of guilt.

A timely notice of appeal was filed with the state supreme court from the Order of Dismissal in the PCR action. Aileen P. Clare, of the South Carolina Office of Appellate Defense, was appointed to represent petitioner in his PCR appeal. On April 14, 2004, Clare filed a Petition for Writ of Certiorari in which she raised the following issue on behalf of petitioner:

> Was trial counsel ineffective for failing to discover the prior convictions of the state's only fact witness and impeach the witness with those convictions?

The State's return to Petition for Writ of Certiorari was filed on September 1, 2004. The South Carolina Court of Appeals issued an order dated March 28, 2006, in which it denied the petition for writ of certiorari. The Remittitur was sent down on April 14, 2006.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, filed May 11, 2006, petitioner raised the following challenges to his conviction:

4

Ground One:          Ineffective assistance of counsel. Petitioner contends that his legal counsel was ineffective by his failure to properly investigate the criminal background of his co-defendant Mr. Simons to impeach him while witnessing for the solicitor or prosecutor amounts to ineffective of assistance of legal counsel in clear violation of petitioner's Sixth Amendment Rights guaranteed him by the Constitution of the United States.

Ground Two:          Prosecutorial affirmative misconduct. Petitioner asserts that the solicitor or state prosecutor engaged in affirmative misconduct when he concealed the criminal background of the state witness petitioner's co-defendant.

Ground Three:        Improper admission of petitioner's co-defendants statement into the evidence. The failure of petitioner's legal counsel to raise objection for the testifying witness for inconsistencies prejudiced petitioner for a fair trial and thus suffered ineffective assistance of legal counsel.

Ground Four:         Petitioner asserts that he had denied his constitutional right for an impartial jury trial because of the exclusion of any member of his peers in the jury selection.

Ground Five:         Petitioner contends that he was denied absolute right to an effective assistance of counsel by his former counsel's failure to challenge the admissibility of petitioner's prior conviction as impeachment evidence, rendering his waiver to testify on his own behalf unknowing, unintelligent and involuntary. Petitioner's former counsel informed him not to testify on his own behalf because of impeachment by the state prosecutor. However, petitioner's co-defendant was allowed to testify for the state without any impeachment by petitioner's

|  |  |
|---|---|
|  | former counsel as to the criminal background of his co-defendant. |
| Ground Six: | Petitioner avails that his former counsel failed to render reasonably effective assistance of under prevailing professional norm. He was denied pre-arraignment guilty plea negotiations. |
| Ground Seven: | Petitioner avails that he was prejudiced by this counsel's ineffective performance. |

(Petition).

### III.  SUMMARY JUDGMENT

On August 24, 2006, the respondents filed a return and memorandum of law in support of their motion for summary judgment.  As stated, petitioner filed a response in opposition on October 10, 2006.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with

"specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Jenkins filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

>was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in <u>Green</u>, the Fourth Circuit stated:

>If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

<u>See also</u> <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 362 (4th Cir. 1998); <u>Wright v. Angelone</u>, 151 F.3d 151, 156 (4th Cir. 1998); <u>Cardwell v. Greene</u>, 152 F.3d 331, 339 (4th Cir. 1998). In <u>Williams v. Taylor</u>, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in <u>Green</u>, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. <u>See</u> <u>O'Brien v. DuBois</u>, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). <u>Wilson v. Moore</u>, 999 F. Supp. 783 (D.S.C. 1998).

## V.  FINDINGS

As previously stated, petitioner raised the following as grounds one and seven in his habeas petition:

Ground One:	Ineffective assistance of counsel. Petitioner contends that his legal counsel was ineffective by his failure to properly investigate the criminal background of his co-defendant Mr. Simons to impeach him while witnessing for the solicitor or prosecutor amounts to ineffective of assistance of legal counsel in clear violation of petitioner's Sixth Amendment Rights guaranteed him by the Constitution of the United States.

Ground Seven:	Petitioner avails that he was prejudiced by this counsel's ineffective performance.

First, defendants assert that these grounds of ineffective assistance of counsel for failing to properly investigate the criminal background of a co-defendant, Simons, that testified against him at trial is preserved for review as it was presented in petitioner's petition for writ of certiorari before the state court of appeals. Respondents contend that it appears trial counsel was unaware that state's witness Bernard Simons had been convicted of a prior drug offense and, if admissible, could have been used for purposes of impeachment. Further, respondents assert that Simons readily admitted his involvement in this criminal endeavor and indicated this was not the time he and petitioner had worked together in this manner. Respondents assert that PCR court found petitioner was not prejudiced noting that without Simon's testimony, the evidence was sufficient to support petitioner's conviction. Thus, respondents argue the state court decision was not objectively unreasonable pursuant to the highly deferential standard of review set forth in <u>Williams v. Taylor</u>, 163 F.3d 860, 872 (4th Cir. 1998).

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); See Williams v. Taylor, 529 U.S. at 398. If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . . , our review of questions of law and mixed questions of law and fact is de novo." Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass,

10

753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The PCR Court generally rejected the claim that counsel failed to adequately investigate the case finding petitioner had not shown prejudice. A review of the PCR judge's order of dismissal reveals the following findings:

> The Applicant alleged at the PCR hearing that trial counsel was ineffective for failing to (a) impeach Bernard Simons, a state's witness against the Applicant, with his prior record or conflicting statements made to police regarding the crime; and (b) file a discovery motion.
>
> The Applicant testified that trial counsel did not file any discovery motions in his case, and he was unaware that his co-defendant, Bernard Simons, the State's testifying witness, had a prior record for possession with intent to distribute cocaine. The Applicant also stated that trial counsel did not properly investigate or impeach this witness with his own conflicting statements.
>
> The court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this court reviewed the Lexington County Clerk of Court records regarding the subject convictions, the Applicant's records from the South Carolina Department of Corrections, the Applications for Post-conviction relief, the State's Returns, the trial transcript, the appellate court records, trial counsel's file on the Applicant, and the legal arguments of counsel pursuant to S.C. Code Ann, §17-27-80 (1995), this Court makes the following findings of fact based upon all of the probative evidence presented:
>
> The Court is not impressed with trial counsel's performance in this case, he failed to file a Rule 5 Motion for Discovery (there does not, however, appear to be any useful discovery material in the file). He failed to determine that the co-defendant, the

primary witness for the State, had a criminal record that could have been used for impeachment purposes. He failed to seek a ruling from the trial judge as to the admissibility of his client's prior record and whether it could be used for impeachment purposes by the State. Although Judge Peeples advised the Applicant that any prior record could be used against him if he testified, the Applicant's prior record was of such a similar nature to the crime charge that either a Rule 403 or 404(b) analysis may have excluded that record due to it's highly prejudicial nature. Trial counsel did not inquire into this matter and thus, again failed in the performance of his defense of his client.

However, the Applicant failed to show this Court what discovery trial counsel failed to obtain that would have made a difference to the Applicant's case. The Applicant was clearly at the scene of the crime. He clearly was the owner and driver of the automobile in which the drugs were found and confiscated. According to witness Simons, the Applicant and Rupert Brown organized the delivery of the marijuana through UPS and took Simons along to do the actual pick up from the UPS terminal. According to Simons, the Applicant and Brown, a California resident, arrived together from Sumter and picked up Simons on the way to UPS. Even if Simons had not testified, the fact that the Applicant parked his car on two (2) occasions in an "out-of-the-way" space (Presumably to keep from being observed), "popped" his truck to allow the loading of a twenty (20) pound parcel into the truck, and the fact that he drove the "get-away" car from the scene and was stopped shortly thereafter with the marijuana package in the truck, creates the opinion of the undersigned that the Applicant would have been convicted even if his attorney acted in an effective manner. The applicant also failed to show this Court that not discovering Bernard Simons' criminal record would have made a difference in the outcome of this case. The solicitor negligently or falsely represented to the trial court that no witnesses had prior records. If trial counsel did discover the criminal record of the co-defendant Simons, the Applicant failed to prove that this information would have changed the outcome of his trial. Therefore, the Applicant failed to prove how he was prejudiced by any error committed by trial counsel.

. . . although contradicted by a later witness, the Applicant was identified by a UPS employee as one of two people attempting to pick up a package containing the marijuana. The package was identified as the same one placed in a car belonging to the Applicant. The Applicant was driving the car when it was stopped by police. The Applicant cannot satisfy the prejudice prong dictated by Johnson, supra. Accordingly, the allegation of ineffective assistance of counsel is denied.

(PCR transcript ).

In the present case, a thorough review of the record by the undersigned results in the recommendation that respondents' motion for summary judgment be granted. Even though counsel may have been ineffective under prevailing professional norms for failing to file a Rule 5 Motion for Discovery and determining that the co-defendant, the primary witness for the State, had a criminal record that could have been used for impeachment purposes, and failed to seek a ruling from the trial judge as to the admissibility of this client's prior record and whether it could be used for impeachment purposes by the State, petitioner has not shown that he was prejudiced by his counsel's ineffective performance. Petitioner has not shown that any evidence that may have been obtained would have made a difference to his case. If trial counsel had discovered that Simons had a prior criminal record, petitioner has failed to prove that this information would have changed the outcome of the case. Petitioner was the owner and driver of the automobile the drugs were found and confiscated in, petitioner parked his car on two occasions in an "out-of-the-way" space and "popped" his truck to allow the loading of a twenty-pound parcel into the trunk, and he drove the get-way car from the scene and was stopped shortly thereafter with the marijuana package in the truck, suffices as enough evidence that petitioner could have been convicted even if counsel had acted effective. Petitioner was identified by a UPS employee as one of two people attempting to pick up a package containing the marijuana, the package was identified as the same one placed in a car belonging to petitioner, and petitioner was driving the car when it was stopped by the police. Therefore, petitioner has failed to satisfy the prejudice prong.

The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance actually prejudiced him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Strickland</u> and

was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra. Therefore, it is recommended that these issues, grounds one and seven, be dismissed and respondents' motion for summary judgment granted.

## GROUNDS TWO, THREE, FOUR, FIVE AND SIX

As previously stated, petitioner raised the following issues in his habeas petition:

Ground Two: Prosecutorial affirmative misconduct. The failure of petitioner's legal counsel, to raise objection for the testifying witness for inconsistencies prejudiced petitioner for a fair trial and thus suffered ineffective assistance of legal counsel.

Ground Three: Improper admission of petitioner's co-defendants statement into the evidence. The failure of petitioner's legal counsel to raise objection for the testifying witness for inconsistencies prejudiced petitioner for a fair trial and thus suffered ineffective assistance of legal counsel.

Ground Four: Petitioner asserts that he had denied his constitutional right for an impartial jury trial because of the exclusion of any member of his peers in the jury selection.

Ground Five: Petitioner contends that he was denied absolute right to an effective assistance of counsel by his former counsel's failure to challenge the admissibility of petitioner's prior conviction as impeachment evidence, rendering his waiver to t4estify on his own behalf unknowing, unintelligent and involuntary. Petitioner former counsel informed him not to testify on his own behalf because of impeachment by the state prosecutor. However, petitioner's co-

14

|  |  |
|---|---|
|  | defendant was allowed to testify for the state without any impeachment by petitioner's former counsel as to the criminal background of his co-defendant. |
| Ground Six: | Petitioner avails that his former counsel failed to render reasonably effective assistance of under prevailing professional norm. He was denied pre-arraignment guilty plea negotiations. |
| Ground Seven: | Petitioner avails that he was prejudiced by this counsel's ineffective performance. |

(Petition).

In their memorandum, respondents assert that these issues are procedurally barred. As to Ground two, respondents argue that this issue was never presented to the state's highest court in either the direct appeal or PCR appeal. As to Ground three wherein petitioner alleges trial counsel was ineffective for failing to point out inconsistencies in the testimony of, presumably, co-defendant Bernard Simons, respondents argue the issue was raised in the APCR but was not addressed in the Order of Dismissal at PCR or raised on PCR appeal.[2] Respondents argue ground four in which petitioner alleges he was denied his constitutional right to a jury of his peers was not raised to nor ruled upon by the state's highest court. Respondents argue ground five that trial counsel was ineffective in failing to challenge the admissibility of his prior conviction for possession with intent to distribute marijuana was raised in petitioner's APCR, but was not ruled upon by the PCR court

---

[2] Respondents further argue there is no merit to this issue in that trial counsel cross-examined Simons concerning inconsistencies in his statements to police, specifically Simons initial statement that petitioner was not involved. Respondents assert that counsel further questioned Simons regarding whether the prospects of a reduced sentence influenced him to change his initial statement. (App. 109-116). Thus, respondents argue trial counsel accomplished precisely what petitioner now claims he did not and the jury was aware that initially Simons maintained that neither he nor petitioner was aware that a drug transaction was taking place.

or raised in petitioner's petition for writ of certiorari. Therefore, respondents argue ground five is also procedurally barred. As to ground six that trial counsel was ineffective because petitioner was denied pre-arraignment guilty plea negotiation, respondents argue the issue was not properly raised to the state's highest court and is procedurally barred. Further, respondents assert this claim is too general an allegation for relief and petitioner presents no evidence of whether a plea was offered by the state, if the issue was discussed with counsel, or the terms of a potential plea. As respondents have raised the issue of procedural bar, the undersigned will set forth a discussion on both procedural bar and exhaustion.

## DISCUSSION AS TO EXHAUSTION AND PROCEDURAL BAR

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398. If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . . , our review of questions of law and mixed questions of law and fact is de novo." Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999).

The failure to raise a claim in the first state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See Murch v. Mottram, 409 U.S. 41, 46 (1972); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1998). Similarly, if a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, supra. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, supra.

Thus, a prisoner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Id. at 489-97. The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim, before it can be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be frustrated if federal review were available to a prisoner who had presented his claim in state court, but in such a manner that the state court could not, under its procedural rules, have entertained it. Id.

In Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced . . .

Id. at 910-911 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. "Exhaustion includes the filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 495 S.E.2d 426, 428 (S.C. 1998).

If a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state

collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)).

Once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. Kornahrens v. Evatt, supra. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, supra.

Grounds two, three, four, five and six were either not raised on direct appeal or in the writ of certiorari from the PCR appeal or both. Even though a ground may have been raised in the APCR or discussed at the PCR hearing, it was not raised in the petition for writ of certiorari from the PCR hearing.[3] The petitioner has not alleged any cause and prejudice to overcome the default. Thus, these issues have not been exhausted in state proceedings. Without cause, the undersigned does not look at prejudice. The petitioner also has not alleged or shown "actual innocence" to overcome the

---

[3] It is noted that petitioner filed a motion for reconsideration with the PCR court arguing that the court's order did not address all issues presented to the court. However, Judge Cooper issued an order denying the motion for a new trial and reconsideration of the order holding that "this Court is unable to discover any material fact or principle of law that either has been overlooked or disregarded and further finds no principle of law not appropriately considered." (App. p. 294-297).

19

default. In fact, petitioner did not discuss these issues or respondents' procedurally barred argument in his response in opposition to the motion for summary judgment. The undersigned finds that petitioner has failed to make the requisite showing to overcome this default, <u>Coleman v. Thompson</u>, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. <u>Murray v. Carrier</u>, <u>supra</u>. Therefore, the undersigned recommends that grounds two, three, four, five, and six in the habeas petition be dismissed as procedurally barred and respondents' motion for summary judgment granted on this issues.

## VI.  CONCLUSION

For the foregoing reasons, it is RECOMMENDED that respondents' motion for summary judgment (document #10) be GRANTED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 29, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**